THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MÁXIMO DE JESÚS, Defendant and Appellant.

No. 10464. Argued May 8, 1944.—Decided June 2, 1944.

---

*Juan Nevares Santiago* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In January 1943 a complaint was filed in the District Court of Humacao against Máximo de Jesús, charging him with the offense of forgery. The record does not indicate the date on which the arraignment took place. It does appear, however, that the attorney of record was J. Nevares Santiago.

On December 10, 1943, the lower court issued the following order:

"Whereas: According to the decisions rendered by our Supreme Court motions for dismissal based on §448 of the Code of Criminal Procedure may be filed by the defendant on the same day of the trial; Whereas: There is an excessive amount of work in this court, especially concerning criminal matters, due principally to a number of criminal cases among which we find the above-entitled case the trial of which has been delayed for many years because new cases are constantly being filed in the clerk's office of this court, for which reason many of them have not yet been considered on their merits and may therefore be dismissed pursuant to §448 of the Code of Criminal Procedure; Whereas: No motion for dismissal has been filed in these cases by the defendants or their attorneys, and since the setting for trial of said cases would mean that undue expenses would be incurred in summoning the jury and the witnesses, for no practical purpose whatsoever, inasmuch as the defendant is entitled to move for the dismissal of the case on the same day of the trial; THEREFORE, the court is of the opinion, in the furtherance of justice, that it should and does hereby set January 24, 1944, at 9:00 a. m., on which date the defendant herein and his attorney of record, who is J. Nevares Santiago, must appear to inform the court: (a) whether he has an

attorney to represent him in the case; (b) whether, pursuant to §448 of the Code of Criminal Procedure, he wishes to move for the dismissal of the action, without any prejudice to the filing of another information by the district attorney in such cases where the latter deems it proper; (c) whether due to lack of means to obtain the services of an attorney for his defense, he wants the court to appoint an attorney, the defendant being warned that if he fails to appear at this hearing he may be prosecuted for contempt of court, and further, that the court, in the furtherance of justice, may forthwith order the dismissal of the action pursuant to the said §448 without summoning or hearing him, and order the district attorney to file another information in those cases where this be proper.''

On January 24, 1944, the day set for the appearance of the defendant, neither the latter nor his attorney appeared to move for the dismissal of the action. The district attorney informed the court that he had been notified with a copy thereof; that a motion had been filed for the dismissal; and the clerk of the court stated that said motion had been returned, because no bar stamp was affixed thereto. The court immediately ordered the arrest of the defendant and fixed a bond of $1,000 and set the 31st of the same month for the defendant to appear and show cause why he should not be prosecuted for contempt.

On the day set for the hearing the attorney for the defendant alleged that the latter was not bound to appear for the dismissal of the action. The district attorney contended on the other hand that, since the defendant had been summoned to appear ''for a legal proceeding in the case,'' the defendant should have obeyed the order. The court found the defendant guilty of contempt and imposed on him a fine of $10 or ten days in jail. The defendant has taken the present appeal. In support thereof, he alleges that the lower court had no authority to compel him to appear for the purposes stated in the order of December 3, 1943. Whether or not the court had such authority is the sole question to be determined herein.

 According to §448 of the Code of Criminal Procedure, a defendant who is not brought to trial during the 120 days after the filing of the information is entitled to move for the dismissal of the prosecution, unless the trial has been postponed upon his application or for just cause. This is a right granted to the defendant by law and which he may exercise at any time before trial. *People* v. *Díaz*, 60 P.R.R. 528. The statute does not fix a term for the exercise of that right. And we know of no statutory provision which authorizes a district court in which a criminal action is pending, to make a defendant appear for the purpose of compelling him to inform the court whether he intends to move for a dismissal of the action. No defendant may be compelled to disclose before the trial his plan of defense.

The district courts are under the obligation to see that the right of the defendants to a speedy trial should not be ignored or violated. Every defendant is entitled, pursuant to said §448, to have the action brought against him tried within 120 days after the filing of the information. Since no law may provide an absurdity or ask the impossible, the same statute prescribes that if it be impossible for the defendant to be tried within the 120 days because he moved for its postponement or because there was just cause for the delay thereof, then the dismissal of the action does not lie.

The preparation of a calendar of criminal actions, which should be disposed of in the chronological order in which informations were filed, and the reading of said calendar on a certain day of each month with the purpose of setting all those cases where the defendants state that they are ready for trial, would avoid the use of dilatory tactics often resorted to by the defendants with the purpose of postponing indefinitely the trial, and the court would be placed in a position where it could determine at any time whether there was sufficient or just cause for the failure to bring a certain case

to trial within the period of 120 days. What is required of the courts· is that they exercise due diligence in the prosecution of criminal actions pending before them. It is their duty to try the defendants within the statutory term or to show, upon being requested therefor, just and sufficient cause for the delay. We repeat that no court is bound to do the impossible. If it is shown that a particular cause was not brought to trial within the statutory term because other causes previously filed took all the time allowed for trials, but that the setting of the action was made within the 120 days, for the earliest possible date, it will have been proved that there was just cause for the delay and that the court acted with due promptness and deligence in the disposal of the actions. But what seems inexcusable, because in our opinion it may be easily avoided, is that criminal actions should be allowed to rest for months and years in the· files of the court, without taking any step to bring them to trial or to show in the record the reasons why the defendants were deprived of the speedy trial to which they are entitled.

The defendant would have lost nothing if his attorney, using the courtesy that all the attorneys owe to the courts of which they are officers, had appeared on the day·set by. the court and explained the reasons why the defendant was not bound to comply with the order of the court. If he had done this, the court would have been probably convinced of its error and the contempt proceeding would have been avoided.

Even though the lower court had jurisdiction over the cause and over the defendant, we are of the opinion that it exceeded its authority in issuing the order with the purpose of compelling the defendant to decide whether or not he was going to exercise the right granted to him by law.

The judgment appealed from must be reversed.